IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sherry McCoy, | ) | Civil Action No.: 1:10-cv-3139-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Sherry McCoy, brought this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB").

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g.*, Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969),

"[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

The plaintiff filed her current application for DIB in 2007 alleging a disability onset date of July 26, 2002, due to fibromyalgia, osteoporosis, osteoarthritis, fatigue, depression, diffuse pain, memory loss from seizures, possible lupus, sleeplessness, imbalance, and loss of strength. Her application was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge (ALJ) which was held on September 25, 2009. The ALJ issued a decision on November 13, 2009, denying benefits. The plaintiff appealed to the Appeals Council, which admitted new evidence but denied the plaintiff's request for review of the ALJ's decision, thereby making the ALJ decision the Commissioner's "final decision" for purposes of judicial review.

The ALJ made the following findings in this case:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of July 26, 2002 through her date last insured of December 31, 2007 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: osteoarthritis, fibromyalgia, and adjustment disorder with depression and anxiety (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or

combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant has the residual functional capacity to lift and carry up to 25-pounds frequently and 50-pounds occasionally, sit, stand or walk for 6 hours in an 8-hour workday limited to occasional climbing of ropes/ladders and scaffolds and frequent climbing of stairs/steps, balancing, stooping, crouching or crawling. She can perform simple, routine, repetitive tasks.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on April 12, 1947 and was 60 years old, which is defined as an individual of advanced age, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 26, 2002, the alleged onset date, through December 31, 2007, the date last insured (20 CFR 404.1520(g)).

Tr. 12-24.

## **Facts**

The plaintiff was 62 years old on the date of the hearing. She has a high school education and has prior work experience as a bank teller.

## Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States Magistrate Judge Shiva V. Hodges. On February 10, 2012, Magistrate Judge Hodges filed a Report and Recommendation ("the Report") suggesting that the decision of the Commissioner be affirmed. The plaintiff filed objections to the Report on March 2, 2012. The Commissioner filed a Response on March 7, 2012. The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that plaintiff be denied benefits.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In her objections, the plaintiff asserts that the ALJ failed to properly evaluate the opinions by McCoy's treating rheumatologist, Dr. Tracey. She also contends that the ALJ failed to provide adequate reasons to support his credibility determination. Finally, she asserts that the facts of the instant case require remand for proper evaluation of the new evidence submitted to the Appeals Council.[1]

The Magistrate Judge's R & R thoroughly discusses the applicable legal standards and finds that substantial evidence supports the findings of the Commissioner as to Dr. Tracey and the plaintiff's credibility. The Court agrees with her recommendation that the ALJ's decision was supported by substantial evidence, even considering the new evidence presented to the Appeals Council[2]. This court has carefully reviewed Plaintiff's objections and conducted the required de novo review of Petitioner's claims. Having done so, the court is left with the firm conviction that the Magistrate Judge's

---

[1] The plaintiff has not objected to the recommendations by the Magistrate Judge regarding the sufficiency of the hypothetical question posed to the vocational expert. The Court has reviewed those recommendations for clear error and finds none.

[2] In Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), the Fourth Circuit held that it is not necessary for the Appeals Council to state reasons for its decision not to review the ALJ decision. When the Appeals Council receives additional evidence and denies review, the issue for the reviewing court becomes whether the ALJ decision is supported by substantial evidence or whether a remand is necessary for the ALJ to consider the new evidence. In Meyer, the plaintiff's treating physicians had a policy not to provide opinion evidence for Social Security proceedings. Therefore, the ALJ was not provided with any opinions by treating physicians. After the issuance of the ALJ decision, the claimant was able to obtain an opinion letter from his treating physician, and the Appeals Council made the letter a part of the record but found that it did not provide a basis for changing the ALJ decision. The Fourth Circuit remanded the case for further fact-finding because "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." Id at 707. In the case at bar, the new evidence is merely cumulative, and substantial evidence supports the ALJ's decision. Therefore, it is not necessary to remand for further factual findings.

5

recommended disposition of this claim is correct. Accordingly, Petitioner's objections are overruled and the Magistrate Judge's recommendation to affirm the Commissioner's decision is adopted.[3]

**Conclusion**

The court has thoroughly analyzed the entire record, including the R & R and objections and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R & R. Accordingly, the Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

       s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 23, 2012

---

[3] The Court notes that the Magistrate found the plaintiff failed to show "good cause" under Sentence Six of 42 U.S.C. Section 405(g) for his failure to present the new evidence to the ALJ, although the records were dated before the date of the hearing. The plaintiff correctly states in his objections that he was not seeking a remand under Sentence Six and that the "good cause" standard thus does not apply. Here, the Appeals Council has already determined under the proper test that the evidence should be added to the record. It simply found the new evidence did not provide a basis to change the ALJ's decision.